UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHARLEEN McDANIEL** | ) | Case Number |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| vs. | ) | **CIVIL COMPLAINT** |
| | ) | |
| **JON BARRY & ASSOCIATES, INC.** | ) | |
| **a/k/a PARAGON REVENUE GROUP** | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| **Defendant** | ) | |
| | ) | |

## COMPLAINT AND JURY DEMAND

**COMES NOW,** Plaintiff, Charleen McDaniel, by and through his undersigned counsel, Brent F. Vullings, Esquire of Warren & Vullings, LLP, complaining of Defendant and respectfully avers as follows:

### I. INTRODUCTORY STATEMENT

1. Plaintiff, Charleen McDaniel, is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### II. JURISDICTION

2. Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3.      Venue in this District is proper in that the Defendant transacts business here and Defendant maintains a registered office in this District.

### III.     PARTIES

4.      Plaintiff, Charleen McDaniel ("Plaintiff") is an adult natural person residing at 4364 Old Julian Road, Julian, NC 27283.  At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5.      Defendant, Jon Barry & Associates, Inc. a/k/a Paragon Revenue Group ("Defendant"), at all times relevant hereto, is and was a Corporation engaged in the business of collecting debt within the State of Texas and the Commonwealth of Pennsylvania with its principal place of business located at 216 Le Phillip Court, Concord, NC 28025-2954 and a registered office located at 116 Pine Street, Suite 320, Harrisburg, PA 17101.

6.      Defendant is engaged in the collection of debts from consumers using the mail and telephone.  Defendant regularly attempts to collect consumer debts alleged to be due to another.  Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### IV.     FACTUAL ALLEGATIONS

7.      In mid-February 2010, the Plaintiff began receiving phone calls from the Defendant attempting to collect a debt.

8.      The alleged debt was due to Moses Cone Health System for medical expenses in the amount of $333.60.

9. The Plaintiff informed the Defendant that she was working with the law firm of Persels and Associates, LLC, however, the Defendant willfully refused to work with Persels.

10. On or around February 18, 2010, Persels sent a cease and desist letter to the Defendant. **See Exhibit "A" attached hereto.**

11. After receiving the letter, the Defendant continued to contact the Plaintiff via telephone demanding payments.

12. On or around April 12, 2010, the Defendant has again contacted the Plaintiff by sending a letter seeking payment on the alleged debt. **See Exhibit "B" attached hereto.**

13. The letter from the Defendant stated that the Plaintiff had ignored all previous requests for payment on the alleged amount due.

14. The Plaintiff continues to receive calls from the Defendant in which the Defendant refuses to contact Persels instead.

15. The Defendant acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequence of which is to harass, oppress or abuse such person in connection with the collection of a debt.

16. The Defendant acted in a false, deceptive, misleading and unfair manner by threatening to take action that it did not intend to take for the purpose of coercing Plaintiff to pay the debt.

17. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and

their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

18. At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

19. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

20. As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and he will continue to suffer same for an indefinite time in the future, all to his great detriment and loss.

## COUNT I – FDCPA

21. The above paragraphs are hereby incorporated herein by reference.

22. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

23. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

> §§ 1692c(a)(2)  After it knows the consumer to be represented by an attorney unless attorney consents or is unresponsive

| | | |
|---|---|---|
| §§ 1692d | | Any conduct the natural consequence of which is to harass, oppress or abuse any person |
| §§ 1692d(5) | | Caused the phone to ring or engaged any person in telephone conversations repeatedly |
| §§ 1692e | | Any other false, deceptive, or misleading representation or means in connection with the debt collection |
| §§ 1692e(2) | | Character, amount, or legal status of the alleged debt |
| §§ 1692f | | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |

**WHEREFORE**, Plaintiff respectfully requests that this court enter judgment in his favor and against Defendant, Jon Barry & Associates, Inc. a/k/a Paragon Revenue Group and Order the following relief:

a. Actual damages;

b. Statutory damages pursuant to 15 U.S.C. §1692k;

c. Reasonable attorney's fees and costs of suit pursuant to 15 U.S.C. §1692k; and

d. Such addition and further relief as may be appropriate or that the interests of justice require.

## V. JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

                                                  **Respectfully submitted,**

                                                  **WARREN & VULLINGS, LLP**

**Date: May 17, 2010**                   **BY:** **/s/ Brent F. Vullings**

                                                  Brent F. Vullings, Esquire
                                                  Warren & Vullings, LLP
                                                  1603 Rhawn Street
                                                  Philadelphia, PA  19111
                                                  215-745-9800   Fax 215-745-7880
                                                  Attorney for Plaintiff